UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frederick Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:16-cv-00522 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 3/18/2016 |
| Anne Jacobosky *et al.*, ) | Description: Pro Se Gen. Civil (F-Deck) |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Garland, Texas. He sues an Assistant Regional Commissioner of the Social Security Administration and other federal employees under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq*, "and other causes of action." Compl. Caption. Plaintiff demands money damages exceeding $175 million. *See* Compl. at 19.

Under the doctrine of sovereign immunity, the federal government is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). "Congress [has] not waive[d] the United States' sovereign immunity for suits for treble damages under the RICO Act," *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 263 (D.D.C. 2013), citing *Norris v. Dep't of Defense*, No. 96–5326, 1997 WL 362495, at *1

1

(D.C. Cir. May 5, 1997), and "sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Plaintiff also cites 31 U.S.C. § 3716, which sets out the procedures for the United States to collect a debt by administrative offset. Plaintiff has not pointed to any statutory language waiving the United States' immunity. In contrast, § 3716 (c)(2) specifically exempts from liability "the disbursing official" and "the payment certifying agency . . . (A) for the amount of the administrative offset on the basis that the underlying obligation, represented by the payment before administrative offset was taken, was not satisfied; or (B) for failure to provide timely notice[.]" Finally, plaintiff cites 28 U.S.C. § 1491, governing claims against the United States, but his claim exceeds $10,000 and, thus, lies exclusively with the U.S. Court of Federal Claims. *See* 28 U.S.C. § 1346(a)(2).

For the foregoing reasons this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: March 15, 2016